O

# United States District Court
# Central District of California

| | |
|---|---|
| CHOSEN FIGURE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERWIN FROST ENTERTAINMENT LLC,<br><br>　　　　　Defendant. | Case № 2:24-cv-06706-ODW (JPRx)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [15]** |

## I.     INTRODUCTION

Plaintiff Chosen Figure LLC ("Chosen") brings this suit against Defendant Kerwin Frost Entertainment LLC ("Kerwin") for copyright infringement. (Compl. ¶¶ 48–57, ECF No. 1.) Chosen moves for entry of default judgment against Kerwin. (Mot. Default J., ECF No. 15; Mem. P. & A. ISO Mot. Default J. ("Motion" or "Mot."), ECF No. 15-3.) For the reasons below, the Court **GRANTS** Chosen's Motion.[1]

## II.     BACKGROUND

On October 31, 2021, Robert Kamau published four photographs of Bella Hadid, a model, wearing a lime green outfit with blue earmuffs (the "Photographs"). (Compl.

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

¶¶ 2, 14, Ex. 1 ("Photographs"), ECF No. 1-1.) In creating the Photographs, Kamau selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the images. (*Id.* ¶ 15.) At some point thereafter, all rights to the Photographs were transferred to Chosen. (*Id.* ¶ 16.) On December 22, 2021, the Photographs were registered with the United States Copyright Office (the "Copyright Office"). (*Id.* ¶ 17; Decl. Robert Kamau ISO Mot. ("Kamau Decl.") ¶ 10, Ex. 1 ("Certificate of Registration"), ECF No. 15-2.)

Kerwin is a media company that owns a portfolio of digital marketing platforms. (Compl. ¶ 22.) It owns and operates the social media account @KerwinFrost on Instragram.com (the "Account"). (*Id.* ¶¶ 3, 19–20.) Kerwin does not have adequate internal policies to verify copyright ownership before using content. (*Id.* ¶¶ 23–24.) On or about November 2, 2021, Kerwin posted the Photographs on the Account without Chosen's consent. (*Id.* ¶¶ 26–27, 29, 31, Ex. 2 ("Instagram Posts"), ECF No. 1-2.)

On July 29, 2023, Chosen learned that Kerwin posted the Photographs. (*Id.* ¶ 28.) Nearly a year later, on June 18, 2024, Chosen's counsel sent a letter to Kerwin to address its concerns of Kerwin's purported copyright infringement. (*Id.* ¶ 44.) Kerwin did not respond to the letter and, as of the date of the Complaint, continued to use the Photographs. (*Id.* ¶¶ 45–46.) The Photographs have since been removed. (Kamau Decl. ¶ 13.) Kerwin's use of the Photographs increased traffic to the Account. (Compl. ¶ 39.) Many people viewed the Photographs posted on Kerwin's Account, and Kerwin financially benefitted from its use of the Photographs. (*Id.* ¶¶ 38–40.) Kerwin's use of the Photographs also harmed the market for the Photographs. (*Id.* ¶ 42.)

Chosen brings this suit against Kerwin, asserting one cause of action for willful copyright infringement in violation of the Copyright Act. (*Id.* ¶¶ 48–57.) In its Complaint, Chosen seeks a permanent injunction, damages, attorneys' fees, and costs. (*Id.* Prayer for Relief.) In the present Motion, however, Chosen seeks only damages, attorneys' fees, and costs. (Mot. 1, 11–14.) Chosen served the Complaint on Kerwin on September 9, 2024. (Proof Service, ECF No. 11.) Kerwin failed to respond to the

Complaint within the time required by Federal Rule of Civil Procedure ("Rule" or "Rules") 12(a). On Chosen's request, the Clerk entered default against Kerwin on October 2, 2024. (Default by Clerk, ECF No. 13.) Chosen now moves for entry of default judgment. (Mot.)

### III.  LEGAL STANDARD

Rule 55(b) authorizes a district court to grant a default judgment after the Clerk enters a default under Rule 55(a). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rules 54(c) and 55, and Central District Local Rules ("Local Rule" or "Local Rules") 55-1 and 55-2. Even if these procedural requirements are satisfied, a "defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### IV.  DISCUSSION

Chosen satisfies the procedural requirements for default judgment and establishes that entry of default judgment against Kerwin is appropriate.

**A.  Procedural Requirements**

Local Rule 55-1 requires that the movant establish: (1) when and against which party default was entered; (2) the pleading as to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil

Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). Rule 55(b)(2) requires written notice on the defaulting party if that party "has appeared personally or by a representative."

Chosen meets these requirements. On October 2, 2024, the Clerk entered default against Kerwin as to Chosen's Complaint. (Default by Clerk; Decl. Jacqueline Mandel, Esq. ISO. Mot. ("Mandel Decl.") ¶¶ 3a–b, ECF No. 15-1.) Chosen asserts that Kerwin is not a minor or incompetent person, and the Servicemembers Civil Relief Act does not apply. (Mandel Decl. ¶¶ 3c–d.) Finally, while not required because Kerwin has not "appeared personally or by a representative," Fed. R. Civ. P. 55(b)(2), Chosen served Kerwin with written notice of the Motion, (Mandel Decl. ¶ 3e, Ex. 1). Thus, Chosen satisfies the procedural requirements for entry of default judgment.

**B.    *Eitel* Factors**

In evaluating whether entry of default judgment is warranted, courts consider the "*Eitel* factors": (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a material factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Viet. Reform Party v. Viet Tan-Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). Accordingly, the Court considers these two factors first.

*1.    Second & Third Eitel Factors*

The second and third *Eitel* factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (alteration in original). Although well-pleaded allegations are taken as true, "claims which are legally insufficient[] are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)).

First, a "copyright registration is 'prima facie evidence of the validity of the copyright.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)). Chosen is the sole owner of the exclusive rights to the Photographs, which were registered with the Copyright Office on December 22, 2021, Registration Number VA 2-280-108. (Compl. ¶¶ 2, 10–18.) Chosen also submits a certificate of registration for its copyrights of the Photograph along with its Motion. (Kamau Decl. ¶ 6; Certificate of Registration.) Chosen thus sufficiently alleges that it is the exclusive owner of the rights of a valid copyright.

Second, Chosen can establish copying of constituent elements by showing (1) Kerwin had access to the Photographs and (2) the Photographs and the images that appear on Kerwin's Account are "substantially similar." *See Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018). Kamau published the Photographs on October 31, 2021. (Compl. ¶ 14.) Chosen provides images of its registered Photographs and screen captures of Kerwin's Account displaying identical images. (*See* Photographs; Instagram Posts.) Thus, taking these allegations as true, Chosen sufficiently alleges that Kerwin copied the constituent elements of the Photographs.

It is of no moment that the Photographs were registered after they were published and after Kerwin posted them to the Account. The Copyright Act "mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (citing 17 U.S.C. § 412(2)). Here, Chosen registered the Photographs within three months after first publishing them. (*See* Compl. ¶ 14 (published on October 31, 2021), ¶ 17 (registered on December 22, 2021).)

   *2.     Remaining Eitel Factors*

On balance, the remaining *Eitel* factors also weigh in favor of entering default judgment against Kerwin. To begin, the first and fourth *Eitel* factors—possibility of prejudice and sum of money at stake—favor default judgment. Chosen would suffer prejudice absent entry of default judgment because it would have no recourse against Kerwin, and no remedy for the injuries sustained from Kerwin's misconduct. Further, as discussed below in the damages analysis, the sum of money Chosen seeks is expressly authorized by statute.

The fifth and sixth factors—possibility of dispute and excusable neglect—also weigh in favor of default judgment. Chosen's well-pleaded allegations are accepted as true on default, and Kerwin may not now "challenge the accuracy of the allegations in the complaint." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Chosen supports its claim with ample evidence and the Court's review of the record reveals "no factual disputes . . . that preclude the entry of default judgment." *Id.* Further, Chosen properly served Kerwin, and thus Kerwin was on notice and failed to respond; no facts indicate the possibility of excusable neglect.

Finally, the seventh factor—policy favoring decisions on the merits—always weighs in a defaulting defendant's favor. But because Kerwin's failure to appear in this action prevents the Court from reaching a decision on the merits, this factor does not prevent the Court from entering judgment by default. *See Duralar Techs. LLC v. Plasma Coating Techs., Inc.*, 848 F. App'x 252, 255 (9th Cir. 2021) (affirming entry of default judgment where all factors except the seventh weighed in plaintiff's favor).

In sum, the *Eitel* factors weigh in favor of entering default judgment against Kerwin on Chosen's sole cause of action for federal copyright infringement.

**C.     Requested Relief**

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Chosen seeks statutory damages, attorneys' fees, and costs. (Mot. 1, 11–14.) The relief Chosen seeks is

consistent with the relief requested in the Complaint and is therefore permissible. (*See* Compl, Prayer for Relief ¶¶ b, d.) However, for the following reasons, the Court awards Chosen some, but not all, of the relief it requests.

### 1. *Statutory Damages*

The Copyright Act allows for statutory damages in a sum not less than $750 or more than $30,000 for all infringements with respect to any one work. 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (quoting *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). "In measuring the damages, the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like.'" *Id.* at 1073–74 (quoting *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)). Allegations of willful infringement are deemed true on default. *See, e.g.*, *Dorgan v. Our Generation Music, LLC*, No. 2:23-cv-08075-SVW (AGRx), 2024 WL 4002865, at *3 (C.D. Cal. July 1, 2024); *Stockfood Am., Inc. v. Caballero*, No. 5:20-cv-00478-JGB (SPx), 2020 WL 6747380, at *4 (C.D. Cal. Oct. 1, 2020); *see also Derek Andrew*, 528 F.3d at 702 (holding that "all factual allegations in the complaint are deemed true, including the allegation of . . . willful infringement" in Lanham Act case).

Chosen seeks statutory damages for Kerwin's willful infringement of Chosen's Photographs. (Mot. 9; Compl., Prayer for Relief ¶ b); *see Michael Grecco Prods., Inc. v. TrekMovie.com*, 677 F. Supp. 3d 1104, 1109 (C.D. Cal. 2023) ("At any time before final judgment, the copyright holder may elect to recover an award based on statutory damages instead of actual damages" (citing 17 U.S.C. § 504(c)).). Kerwin lacks

internal policies "to verify copyright ownership before content use," which "indicat[es] a willful, recurring disregard for copyright compliance." (Compl. ¶ 24.) Further, Kerwin's "failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement." (*Id.* ¶ 25.) Kerwin "willfully and volitionally posted to the Account" and "was aware of facts or circumstances from which the determination regarding the Infringement was apparent." (*Id.* ¶¶ 33–34.) On June 18, 2024, Chosen's counsel sent Kerwin a letter "seeking to address the complaints . . . concerning [Kewin's] infringement," but Kerwin failed to respond. (*Id.* ¶¶ 44–45.) As of August 8, 2024, the date of the Complaint, Kerwin continued its infringement.[2] (*Id.* ¶ 46.) Thus, Chosen establishes that Kerwin's infringing conduct was willful and an enhanced award of statutory damages is available.

Chosen seeks $51,100 in statutory damages. (Mot. 9.) Chosen arrives at this figure by multiplying the $2,555 that "would have been the licensing fee per image" by five for Kerwin's willful infringement of each Photograph. (*Id.*) To support the $2,555 licensing fee, Chosen submits "a Getty estimate for a similar photograph that would be licensed . . . for the same manner of usage" as Kerwin used the Photographs. (Kamau Decl. ¶ 24, Ex. 2.) Chosen contends that this amount is "reasonable, relatively modest, and proportionate to the harm caused by [Kerwin], and is also warranted to deter future infringements by [Kerwin], as well as other would-be infringers." (Mot. 9.)

The $51,100 in statutory damages that Chosen requests is excessive under the circumstances of this case. *See Peer Int'l Corp.*, 909 F.2d at 1336 (considering "what is just in the particular case").

First, Chosen's assertion that the Court should rely on a Getty estimate for a "similar photograph" (the "Other Photograph") to determine the licensing fee of the Photographs is conclusory. While the Other Photograph appears to also be a photograph of Bella Hadid, Chosen provides no evidence to support that the Photographs and the

---

[2] As of October 10, 2024. the date of Kamau's declaration in support of the Motion, the Instagram posts containing the Photographs on the Account were removed. (Kamau Decl. ¶ 13.)

1  Other Photograph are similar. Nor does Chosen explain how a "Getty estimate" is
2  calculated and whether such calculations would be similar for the Photographs and the
3  Other Photograph. Without more, the Court cannot conclude that the requested $2,555
4  licensing fee per Photograph is appropriate. *See* Order Re Motion for Default Judgment,
5  *Chosen Figure LLC v. Bobby24*, No. 2:23-cv-04198-DMG (SSCx), at 5 (C.D. Cal.
6  Nov. 16, 2023), ECF No. 23 (questioning relevance of Getty estimation of similar
7  image to determine licensing fee of the infringed photographs). Accordingly, the Court
8  will award half of the requested rate—$1,277.50—to account for the licensing fee of
9  each Photograph. *See id.* (awarding half of requested amount).

10  Second, Chosen argues that a multiplier of five is appropriate to account for
11  Kerwin's willful infringement. Chosen states that a multiplier should be used as a
12  "deterrent" to Kerwin and others who would infringe copyrights but does not explain
13  how it arrived at five as the multiplier. (Kamau Decl. ¶ 25.) Here, Kerwin's
14  infringement was willful. But there are also circumstances of Kerwin's infringement
15  that counsel in favor of a lower multiplier. Kerwin posted the Photographs on its
16  Account before the Photographs were registered with the Copyright Office. And
17  Kerwin deleted these posts as early as two months and as late as four months after
18  Chosen notified it of the infringement. (*See* Compl. ¶ 44 (noting that Chosen's counsel
19  sent Kerwin a letter regarding the infringement on June 18, 2024), ¶ 46 (noting in its
20  Complaint, dated August 8, 2024, that Kerwin had not ceased infringing on the
21  Photographs' copyrights); Kamau Decl. ¶ 13 (declaring that, as of October 10, 2024,
22  Kerwin had deleted the Instagram posts of the Photographs).) Accordingly, the Court
23  finds a multiplier of three to be appropriate here. *See, e.g.*, *Michael Grecco Prods.*,
24  677 F. Supp. 3d at 1110 (awarding multiplier of three to the licensing rate instead of ten
25  that plaintiff requested).

Based on the above, Chosen has shown it is entitled to a statutory damages award of $15,330[3] for Kerwin's willful infringements of the Photographs.

*2. Attorneys' Fees*

Chosen seeks $3,644 in attorneys' fees under Local Rule 55-3. (Mot. 14; Compl., Prayer for Relief ¶ d.) As a general matter, district courts only award attorneys' fees if an independent basis exists for the award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257–59 (1975). A party who has violated the Copyright Act may be liable for attorneys' fees and costs under 17 U.S.C. § 505.

When the judgment amount is between $10,000.01 and $50,000 and "a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees," Local Rule 55-3 provides that the attorneys' fees shall be calculated" as "$1200 plus 6% of the amount over $10,000." C.D. Cal. L.R. 55-3. This formula "shall be applied to the amount of the judgment exclusive of costs." *Id.* Chosen is entitled to recover $15,330 in principal damages, yielding a total of $1,519.80 in attorneys' fees.

*3. Costs*

Chosen also seeks $572 in costs. (Mot. 14; Mandel Decl. ¶ 5.) In a declaration submitted in support of its Motion, Chosen's counsel explains that this request consists of $402 for the Complaint filing fee and $170 for process server fee. (Mandel Decl. ¶ 5–7.)[4] Chosen provides adequate support to show its incurrence of these costs. (Mandel ¶¶ 6–7, Ex. 1.) Therefore, the Court awards Chosen $572 in costs.

---

[3] $15,300 = $1,277.50 (fee per Photograph) x 4 (number of Photographs) x 3 (willful infringement multiplier).

[4] In its Motion, Chosen requests $572 in costs consisting of a $402 filing fee and $85 process server fee. (Mot. 14.) As Chosen provides invoices for $170 in process server fees, (Mandel Decl. Ex. 1), the Court determines that the $85 identified in the Motion is a typographical error.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Chosen's Motion for Default Judgment and awards **$15,330** in statutory damages, **$1,519.80** in attorneys' fees, and **$572** in costs. (ECF No. 15.)

**IT IS SO ORDERED.**

January 29, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**